IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 25, 2007 Session

**STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES, v. C.W. and J.C.W., IN THE MATTER OF: C.W. (DOB 04/21/99) and J.W. (DOB 02/22/02), Children Less than Eighteen Years of Age**

Direct Appeal from the Chancery Court for Campbell County
Nos. 06-105 & 06-106     Hon. Billy Joe White, Chancellor

No. E2007-00561-COA-R3-PT  - FILED NOVEMBER 29, 2007

The Trial Court terminated the parental rights of the parents of the two minor children.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Thomas J. Tabor, Jr., Tazewell, Tennessee, for appellants.

Robert E. Cooper, Jr., Attorney General and Reporter, and
Lauren S. Lamberth, Assistant Attorney General, Nashville, Tennessee, for appellee.

**OPINION**

On August 11, 2006, the petitioner filed  Petitions to Terminate Parental Rights against C.W. and J.C.W., regarding their minor children, C.W., d.o.b. 4/21/99, and J.W., d.o.b. 2/22/02.  The Petitions alleged the children had been in custody since January 24, 2005, and that the parents had abandoned the children, had failed to provide a suitable home, had failed to substantially comply with their permanency plan, and that the conditions leading to removal still existed.  Further, that it was in the children's best interests to terminate the parental rights of both parents, so that the children could be adopted.

Counsel for the parents was appointed, along with a guardian ad litem for the children.

The parents filed an Answer to the Petition, denying that grounds existed to terminate their parental rights, and denying that termination was in the children's best interests.

The Trial Court conducted a trial and numerous witnesses testified, including witnesses from the Department of Children's Services, the respondents, and members of the respondents' extended family.

Following the evidentiary hearing, the Trial Court entered an Order terminating the parents' parental rights, finding by clear and convincing evidence that grounds for termination existed pursuant to Tenn. Code Ann. §36-1-113(g)(1) and §36-1-102(1)(A)(ii). The Court found that despite reasonable efforts by the Department of Children's Services, the parents had made no reasonable effort to provide a suitable home for the children, and had demonstrated a lack of concern for the children to such a degree that it appeared unlikely that they would be able to provide a suitable home in the future. The Court found that the mother had been gone for periods of time when she would live with boyfriends and not see the children, that the parents had recently said they would divorce, but now said they intended to stay together. The Court said that it would be detrimental for the children to "enter the parents' lifestyle which is extremely unstable as evidenced by the incident of December 17, 2006, when the mother kicked in the door of the parents' home and was arrested." The Court found that the mother was currently in jail after being arrested following that incident, and that the parents had made very few changes since the children had come into custody.

The Court found the children had been removed for more than six months, that the conditions which led to their removal still persisted, and that the conditions were such that the children would likely be subject to further abuse/neglect in the future if they were returned to the parents. The Court found that there was a long history of drug use which had not been sufficiently addressed, and that the parents' situations were the same as at the time of removal or worse, since the mother was incarcerated.

The Court found the testimony of the grandmother, Ms. Miller, "especially compelling regarding the drug use of the parents and domestic violence in their home", as well as the testimony regarding the change in the children since they had been in foster care, and that they were now "clean, happy, and disciplined". Further, the Court found the testimony of the mother's half-brother, Mr. Miller, to be compelling regarding the tremendous neglect of the children prior to their removal, and the positive changes since they had been out of their parents' care.

Finally, the Court found that the parents had failed to substantially comply with the plan of care, had not taken the removal seriously, and had not evidenced the effort needed to rear the children. The Court found that termination was also in the children's best interests, and that the

children were happy in their foster placement and much better off there.

Respondents have appealed, raising these issues:

1.      Whether there was clear and convincing evidence proving grounds for termination?

2.      Whether there was clear and convincing evidence that termination was in the children's best interests?

3.      Whether the Trial Court erred in not considering the guardian ad litem's remarks that he could not say that termination was in the children's best interests?

4.      Whether the Trial Court violated the doctrine of prior suit pending by allowing the Petition to go forward in Chancery court while the respondents were engaged in other proceedings regarding the children in Juvenile court?

The Trial Court found there was clear and convincing evidence that grounds for termination existed, based on Tenn. Code Ann. §36-1-113, and that grounds existed due to failure to provide a suitable home, failure to comply with the permanency plans, and that the children had been removed from the home for a period of more than six months and the conditions that led to the removal still persisted. Also that there was little likelihood that these conditions would be remedied at an early date, and that continuation of the parent and child relationship greatly diminished the children's chances of early integration into a safe, stable home. *See* Tenn. Code Ann. §36-1-113.

As this Court has recognized:

Termination of a person's rights as a parent is a grave and final decision, irrevocably altering the lives of the parent and child involved and "severing forever all legal rights and obligations" of the parent. Tenn. Code Ann. § 36-1-113(l )(1). Because of its consequences, which affect fundamental constitutional rights, courts apply a higher standard of proof when adjudicating termination cases. See *O'Daniel v. Messier*, 905 S.W.2d 182, 186 (Tenn. Ct. App.1995). To justify the termination of parental rights, the grounds for termination, and the fact that termination is in the best interests of the child, must be established by clear and convincing evidence. See Tenn. Code Ann. § 36-1-113(c) (Supp.2000); *State Dep't of Human Servs. v. Defriece*, 937 S.W.2d 954, 960 (Tenn. Ct. App.1996). "This heightened standard serves to prevent the unwarranted termination or interference with the biological parents' rights to their children." *In re M.W.A.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998).

The "clear and convincing evidence" standard defies precise definition.

While it is more exacting than the preponderance of the evidence standard, it does not require such certainty as the beyond a reasonable doubt standard. Clear and convincing evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established.

*O'Daniel*, 905 S.W.2d at 188 (citations omitted).

*Means v. Ashby*, 130 S.W.3d 48, 54-55 (Tenn. Ct. App. 2003).

In this case, clear and convincing evidence was offered, proving all of the above grounds. Most compelling was the proof that the conditions leading to the children's removal two years before trial still persisted. The children were removed due to the domestic violence between the parents. There is evidence that the parents were abusing drugs, and failed to properly supervise the children. The mother was incarcerated at the time of trial on domestic violence charges and violation of probation. The parents' lengthy criminal records were filed with the Court which showed other criminal charges since the removal of the children.

There was evidence that the parties still abused drugs, and the father admitted that he had taken more of his prescription medication than prescribed, and he admitted that he had abused over-the-counter speed after the children's removal, and had failed drug tests. The mother had been arrested in November 2005 and charged with possession of narcotics, and admitted to failing a few drug screens, including the most recent in October 2006 with her parole officer.

The proof was replete with examples of how the parents had made bad choices in their lives after the children were removed, which demonstrates that the conditions leading to removal still persisted, or were unlikely to be remedied any time soon.

There was clear and convincing proof that the parents had failed to substantially comply with the permanency plans, that they had failed to provide a suitable home, constituting abandonment under Tenn. Code Ann. §36-1-102 and Tenn. Code Ann. §36-1-102(1)(A)(ii). As the petitioner points out, a suitable home requires more than a proper physical living location, and these parents have not provided a suitable home for these children due to the drug and domestic violence issues that have plagued them for years, and continue to do so, as demonstrated at trial. We affirm the Trial Court's Judgment in finding that clear and convincing evidence existed as to all the grounds relied upon in terminating the parents' parental rights.

The Trial Court found by clear and convincing evidence that termination of these parents' rights was also in the children's best interests. In making such a determination, the Court is required to consider the factors set forth in Tenn. Code Ann. §36-1-113(I).

In this case, the evidence established that the parents had not made such an

-4-

adjustment of circumstances to make it safe and in the children's best interests to be in their home, and had failed to effect a lasting adjustment after reasonable efforts by available social services, such that a lasting adjustment did not seem reasonably possible.

The mother and father argued that the Trial Court did not make specific findings of the best interests analysis, but the Court's Memorandum Opinion and a subsequent Order show otherwise. The Trial Court made specific findings and found that clear and convincing evidence existed to demonstrate that the best interests of the children would be served by terminating the parents' rights.

Next, the parents argue that the Trial Court erred in failing to consider the guardian ad litem's recommendation in this case. A review of his statement shows that he essentially made no recommendation, admitting that in the past he had beseeched the Department to file a termination petition, and then admitted that he had seen some progress from the parents. However, he described the decision as a "hard call" and stated the Court would have to decide the issues. This issue is without merit.

Finally, the parents argue that the Court should not have heard the termination action, because dependency/neglect proceedings were already pending in Juvenile court. We have previously held that even if dependency and neglect proceedings were filed in Juvenile court, the Chancery courts have concurrent jurisdiction on proceedings to terminate parental rights, and therefore subject matter jurisdiction to hear the termination case. *Tenn. DHS v. Tate*, 1995 WL 138858 (Tenn. Ct. App. Mar. 31, 1995); *In re: HNK*, 2006 WL 1641359 (Tenn. Ct. App. June 13, 2006). This issue is also without merit.

For the foregoing reasons, we affirm the Judgment of the Chancery Court and remand, with the cost of the cause assessed the parents.

_____
HERSCHEL PICKENS FRANKS, P.J.